IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| MARCELA SANTANA, § <br> Plaintiff § <br> § <br> vs. § <br> § <br> FIRST AMERICAN SOLUTIONS, § <br> LLC, CK ASSET HOLDINGS, LLC, § <br> MARK STEVENS AND KENNETH § <br> JONES § <br> Defendants § | CIVIL ACTION NO. 3:11-cv-186 <br><br> Jury Trial Demanded |

## ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

### NATURE OF ACTION

1. This is an action for damages brought by an individual plaintiff for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter "FDCPA"), the Texas Debt Collection Practices Act, Chapter 392 (hereinafter "TDCPA") and the Texas Business and Commerce Code, Subchapter E, Chapter 17, (hereinafter "DTPA"), which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

2. Plaintiff seeks to recover monetary damages for Defendant's violation of the FDCPA, the TDCPA and the DTPA, and to have an Order or injunction issued by this Court preventing Defendants from continuing its violative behaviors.

3. Service may be made upon Defendant in any other district in which it may be found pursuant to 29 U.S.C. §1132(e)(2).

## JURISDICTION AND VENUE

4. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

5. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendants' transact business in this district.

## PARTIES

6. Plaintiff, Marcela Santana ("Plaintiff"), is a natural person who at all relevant times resided in the State of Texas, County of El Paso, and City of El Paso.

7. Plaintiff is a consumer as defined by the FDCPA, 15 U.S.C. § 1692a(3) and the Texas Business and Commerce Code section §17.50(a)(1) and Texas Finance Code §392.001(1).

8. Defendant, First American Solutions, LLC ("FAS") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5) and by Tex. Fin. Code Ann. § 392.001(6).

9. Defendant, CK Asset Holdings, LLC, ("CK") is an entity who acquires debt in default merely for collection purposes, and who at all relevant times was engaged in the business of attempting to collect a debt from Plaintiff.

10. Defendant, Mark Stevens ("Stevens") is an individual who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

11. Defendant, Kenneth Jones ("Jones") is an individual who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

12. "Employees can be held personally liable under the FDCPA." *Robinson v. Managed Accounts Receivable Corp.*, 654 F. Supp. 2d 1051, 1059 (C.D. Cal. 2009); see *Schwarm v. Craighead*, 552 F. Supp. 2d 1056, 1070-71 (E.D. Cal. 2008).

13. Furthermore, "most district courts that have addressed the issue have held that the corporate structure does not insulate shareholders, officers, or directors from personal liability under the FDCPA." *Schwarm v. Craighead*, 552 F. Supp. 2d 1056, 1070-71 (E.D. Cal. 2008); *see Kistner v. Law Offices of Michael P. Margelefsky, L.L.C.*, 518 F.3d 433, 437-38 (6th Cir. 2008); *del Campo v. Kennedy*, 491 F. Supp. 2d 891, 903 (N.D.Cal.2006); *Brumbelow v. Law Offices of Bennett & Deloney, P.C.*, 372 F.Supp.2d 615, 618-21 (D. Utah 2005); *Albanese v. Portnoff Law Assocs., Ltd.*, 301 F. Supp. 2d 389, 400 (E.D. Pa. 2004); *Musso v. Seiders*, 194 F.R.D. 43, 46-47 (D.Conn.1999); *Brink v. First Credit Res.*, 57 F. Supp. 2d 848, 861-62 (D. Ariz. 1999); *Pikes v. Riddle*, 38 F. Supp. 2d 639, 640 (N.D. Ill. 1998); *Ditty v. CheckRite, Ltd.*, 973 F. Supp. 1320, 1337-38 (D. Utah 1997); *Newman v. Checkrite Cal., Inc.*, 912 F. Supp. 1354, 1372 (E.D. Cal.1995); *Teng v. Metro. Retail Recovery Inc.*, 851 F. Supp. 61, 67 (E.D. N.Y. 1994).

14. First American Solutions, LLC, CK Asset Holdings, LLC, Mark Stevens and Kenneth Jones ("Defendants") are "debt collectors" as defined by 15 U.S.C. § 1692a(6) and by Tex. Fin. Code Ann. § 392.001(2).

## FACTUAL ALLEGATIONS

15. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than FAS.

16. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than FAS, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

17. Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than FAS.

18. FAS uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

19. CK purchases debts once owed or once due, or asserted to be once owed or once due a creditor.

20. CK acquired Plaintiff's debt once owed or once due, or asserted to be once owed or once due a creditor, when the debt was in default.

21. CK is thoroughly enmeshed in the debt collection business, and CK is a significant participant in FAS's debt collection process.

22. Defendant, via its agent and/or employee "Charles Smith," placed a telephone call to Plaintiff's cellular telephone in connection with the collection of an alleged debt on January 26, 2011 @ 10:55 A.M., and at such time, Defendant left

Plaintiff a voicemail message in which it failed to disclose its true corporate or business name and further failed to notify Plaintiff that the communication was from a debt collector.

### 15 U.S.C. §1692(d)(6)

23. The FDCPA at section 1692d(6) provides:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> \*     \*     \*
>
> (6) Except as provided in section 1692b of this title, the placement of telephone calls without meaningful disclosure of the caller's identity.

15. U.S.C. § 1692d(6).

24. "Section 1692d(6) . . . requires a debt collector to disclose the caller's name, the debt collection company's name, and the nature of the debt collector's business." *Baker v. Allstate Financial Services, Inc.*, 554 F.Supp.2d 945, 949-50 (D. Minn. 2008).

25. A debt collector necessarily violate[s] § 1692d(6) when [it] fail[s] to disclose [its] identity as a debt collector and the nature of the call when [it leaves] a message on [a] plaintiff's voice mail." *Costa v. National Action Financial Services*, 634

F. Supp. 2d 1069, 1075 (E.D. Cal. 2007); see also *Hutton v. C.B. Accounts, Inc.,* 2010 WL 3021904, *3 (C.D. Cal. 2010) ("Defendant cites no authority to support its argument that leaving an employee's first name and return telephone number are sufficient as a matter of law for meaningful disclosure under the FDCPA").

26. "[M]eaningful disclosure requires more than merely disclosing an alias." *Savage v. NIC, Inc.,* 2009 WL 2259726, *3 (D. Ariz. 2009). "Meaningful disclosure requires that the caller state his or her name and capacity, and disclose enough information so as not to mislead the recipient as to the purpose of the call." *Hosseinzadeh v. M.R.S. Associates, Inc.,* 387 F. Supp. 2d 1104, 1115 (C.D. Cal. 2005); *Koby v. ARS Nat. Services, Inc.*, 2010 WL 1438763, *4 (S.D. Cal. 2010).

## 15 U.S.C. §1692(e)(11)

27. The FDCPA at section 1692e(11) provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> \* \* \*
>
> (11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to

> collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

15 U.S.C. §1692e(11).

28. "The provisions of the FDCPA are clear that in initial or subsequent communications, it must be disclosed that the communication is from a debt collector." *Drossin v. Nat'l Action Financial Services, Inc.,* 641 F. Supp. 2d 1314, 1319 (S.D. Fla. 2009).

29. "A collection agent must follow the disclosure requirement of identifying himself as a debt collector in all communications." *Masciarelli v. Richard J. Boudreau & Associates, LLC*, 529 F. Supp. 2d 183, 186 (D. Mass. 2007); *Winberry v. United Collection Bureau*, Inc., 692 F. Supp. 2d 1279, 1292 (M.D. Ala. 2010) ("This court is persuaded that the plain language of the statute as it now reads, having been amended, requires a debt collector to identify in subsequent communications that he is a debt collector" ); *Pipiles v. Credit Bureau of Lockport*, 886 F. 2d 22, 26 (2d Cir. 1989) ("[W]e must now address the question left open in Emanuel and determine whether the Notice, a follow-up communication, was also required to comply. We hold that it was, and therefore rule that Pipiles has established a violation of section 1692e(11)."); *Frey v. Gangwish*, 970 F. 2d 1516, 1520 (6th Cir. 1992) ("follow-up communications are subject to the disclosure requirements of section 1692e(11)"); *Carroll v. Wolpoff & Abramson*,

961 F. 2d 459, 461 (4th Cir. 1992), cert. denied, 113 S. Ct. 298 (1992) (holding that follow-up notices are subject to the disclosure requirements of section 1692e(11)); *Dutton v. Wolpoff & Abramson*, 5 F. 3d 649, 654 (3d Cir. 1993) (rejecting Pressley because it "changes the clear and unambiguous language 'all communications' and substitutes the more limited phrase 'some communications.'")

30.  Voice messages from debt collectors to debtors are "communications" regardless of whether a debt is mentioned in the message. *Hutton v. C.B. Accounts, Inc.*, 2010 WL 3021904, 2-3 (C.D. Cal. 2010) ("[A] debt collector's failure to identify itself as such in initial and subsequent communications, be they oral or written, with a debtor is a violation of the FDCPA."); *Savage v. NIC, Inc.,* 2009 WL 2259726, *3 (D. Ariz. 2009) ("the Court finds that leaving a phone message constitutes the placement of a telephone call under § 1692d(6)."); *Berg v. Merchants Assoc. Collection Div., Inc.,* 586 F. Supp. 2d 1336, 1340-1341 (S.D. Fla. 2008) ("Although debt collectors are to refrain from mentioning the debt when communicating with third parties, they must indicate to the consumer their identity, that the debt collector is attempting to collect a debt, and that any information obtained would be used for that purpose.") (citing *Belin v. Litton Loan Servicing, LP*, 2006 WL 1992410 *4 (M.D. Fla. 2006) (("[M]essages left on answering machines that did not directly convey information about a debt were still communications under the FDCPA, because they conveyed information about a debt indirectly, since the purpose of the message is to get the debtor to return the call to discuss the debt.")); Foti *v. NCO Fin. Sys.*, 424 F. Supp. 2d 643, 655-56 (S.D. N.Y. 2006) ("Thus, given the choice of language by Congress, the FDCPA should be interpreted to cover communications that

convey, directly or indirectly, any information relating to a debt, and not just when the debt collector discloses specific information about the particular debt being collected."); *Hosseinzadeh*, 387 F. Supp. 2d at 1115-16 ("[M]essages left by defendant on plaintiff's answering machine constitute "communications.") (citing FTC Staff Commentary on FDCPA, 53 Fed. Reg. 50103 (Dec. 13, 1988) (rejecting contentions that "contacts that do not explicitly refer to the debt are not 'communications' and, hence, do not violate any provision where that term is not used" and concluding that some contacts that do not mention debt may refer to the debt "indirectly," thereby constituting communications)).

### COUNT I—VIOLATIONS OF THE FDCPA
### DEFENDANT FAS

31. Plaintiff repeats and re-alleges each and every allegation above.

32. Defendant FAS violated the FDCPA as detailed above.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that FAS violated the FDCPA;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

### COUNT II—VIOLATIONS OF THE FDCPA
### DEFENDANT CK

33. Plaintiff repeats and re-alleges each and every allegation above.

34. Defendant CK violated the FDCPA as detailed above.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that CK violated the FDCPA;

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

    d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

### COUNT III—VIOLATIONS OF THE FDCPA
### DEFENDANT STEVENS

35. Plaintiff repeats and re-alleges each and every allegation above.

36. Defendant CK violated the FDCPA as detailed above.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    g) Adjudging that CK violated the FDCPA;

h) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

i) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

j) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

k) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

l) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV—VIOLATIONS OF THE FDCPA
## DEFENDANT JONES

37. Plaintiff repeats and re-alleges each and every allegation above.

38. Defendant CK violated the FDCPA as detailed above.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

m) Adjudging that CK violated the FDCPA;

n) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

o) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

p) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

q) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

r) Awarding such other and further relief as the Court may deem just and proper.

## COUNT V—VIOLATIONS OF THE TDCPA
## DEFENDANT FAS

39. Plaintiff repeats and re-alleges each and every allegation above.

40. Defendant FAS violated the Texas Debt Collection Practices Act in one or more of the following ways:

   a. Failing to disclose, except in a formal pleading made in connection with a legal action, that the communication is from a debt collector, where such communication was an communication between Defendant and Plaintiff subsequent to the initial communication (Tex Fin Code § 392.304(a)(5)(B));

   b. Failing to disclose clearly in any communication with Plaintiff the name of the person to whom the debt has been assigned or is owed when making a demand for money. (Tex Fin Code § 392.304(a)(4));

   c. Using false representations or deceptive means to collect a debt or obtain information concerning a consumer, including (Tex Fin Code § 392.304(a)(19)).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Defendant FAS violated the TDCPA;

   b) Awarding Plaintiff statutory damages pursuant to the TDCPA;

c) Awarding Plaintiff actual damages pursuant to the TDCPA;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VI—VIOLATIONS OF THE TDCPA
## DEFENDANT CK

41. Plaintiff repeats and re-alleges each and every allegation above.

42. Defendant CK violated the Texas Debt Collection Practices Act in one or more of the following ways:

a. Failing to disclose, except in a formal pleading made in connection with a legal action, that the communication is from a debt collector, where such communication was an communication between Defendant and Plaintiff subsequent to the initial communication (Tex Fin Code § 392.304(a)(5)(B));

b. Failing to disclose clearly in any communication with Plaintiff the name of the person to whom the debt has been assigned or is owed when making a demand for money. (Tex Fin Code § 392.304(a)(4));

    c. Using false representations or deceptive means to collect a debt or obtain information concerning a consumer, including (Tex Fin Code § 392.304(a)(19)).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant CK violated the TDCPA;

b) Awarding Plaintiff statutory damages pursuant to the TDCPA;

c) Awarding Plaintiff actual damages pursuant to the TDCPA;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

### COUNT VII—VIOLATIONS OF THE DTPA
### DEFENDANT FAS

43. Plaintiff repeats and re-alleges each and every allegation by reference herein all prior paragraphs above.

44. A violation of the Texas Debt Collection Practices Act is a is a deceptive trade practice under the Texas Deceptive Trade Practices Act, and is actionable under the Texas Deceptive Trade Practices Act. Tex. Fin. Code. Ann. § 392.404(a)

45. Defendant violated Tex. Bus. Com. Code § 17.50(h).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated the Texas Deceptive Trade Practices Act, Tex. Bus. Com. Code, Chapter 17, Subchapter E.

b) Awarding Plaintiff actual damages, pursuant to Tex. Bus. Com. Code § 17.50(h);

c) Awarding Plaintiff three times actual damages, pursuant to Tex. Bus. Com. Code § 17.50(h).

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VIII—VIOLATIONS OF THE DTPA
## DEFENDANT CK

46. Plaintiff repeats and re-alleges each and every allegation by reference herein all prior paragraphs above.

47. A violation of the Texas Debt Collection Practices Act is a is a deceptive trade practice under the Texas Deceptive Trade Practices Act, and is actionable under the Texas Deceptive Trade Practices Act. Tex. Fin. Code. Ann. § 392.404(a)

48. Defendant violated Tex. Bus. Com. Code § 17.50(h).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

g) Adjudging that Defendant violated the Texas Deceptive Trade Practices Act, Tex. Bus. Com. Code, Chapter 17, Subchapter E.

h) Awarding Plaintiff actual damages, pursuant to Tex. Bus. Com. Code § 17.50(h);

i) Awarding Plaintiff three times actual damages, pursuant to Tex. Bus. Com. Code § 17.50(h).

j) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

k) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

l) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted,

By: /s/ Dennis R. Kurz
Dennis R. Kurz
Texas State Bar # 24068183
Southern District Bar No. 1045205
Attorney in Charge for Plaintiff

WEISBERG & MEYERS, L.L.C.
Two Allen Center
1200 Smith Street
16th Floor
Houston, TX 77002
(888) 595-9111 ext. 412
(866) 842-3303 (fax)

## **CERTIFICATE OF SERVICE**

I certify that on May 6, 2011, I electronically filed the foregoing document with the clerk of the U.S. District Court, Western District of Texas, El Paso Division, using the electronic case filing system of the court.

/s/ Dennis R. Kurz
Dennis R. Kurz