IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| MARCELA SANTANA,<br>    Plaintiff, | §<br>§<br>§ | |
| v. | § | EP-11-CV-186-PRM |
| | § | |
| FIRST AMERICAN SOLUTIONS,<br>LLC; CK ASSET HOLDINGS, LLC;<br>MARK STEVENS; and KENNETH<br>JONES,<br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§ | |

## ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

On this day, the Court considered Plaintiff Marcela Santana's (Plaintiff) "Motion for Default Judgment" (Docket No. 23) [hereinafter Motion], filed on June 22, 2011 in the above-captioned cause. After due consideration, the Court is of the opinion that the Motion should be granted in part and denied in part, for the reasons set forth below.

I.  FACTUAL AND PROCEDURAL BACKGROUND

On May 6, 2011, Plaintiff filed her "Original Complaint" (Docket No. 1), against Defendants First American Solutions, LLC; CK Asset Holdings, LLC; Mark Stevens, and Kenneth Jones (collectively Defendants), seeking damages for alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692-1692p (FDCPA), the Texas Debt Collection Practices Act, Chapter 392 (TDCPA), and the Texas Business and Commerce Code, Chapter 17, Subchapter E (TBCC). Original Compl. ¶ 1.

On May 20, 2011, Defendants were served with the summons and a copy of the Original Complaint. Docket Nos. 8-11. An answer or a responsive pleading was due to be filed by Defendants on or before June 10, 2011. However, none of the Defendants filed a responsive pleading or otherwise defended the suit.

On June 23, 2011, Plaintiff requested that the Clerk of the Court enter a default against Defendants and default was entered against them by the Clerk of the Court on June 23, 2011. Docket Nos. 26-27.

On June 22, 2011, Plaintiff filed her Motion, arguing that default should be granted because Defendants have failed to answer or otherwise defend the lawsuit within the time allowed by the Federal Rules of Civil Procedure.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 55 sets forth certain conditions under which default may be entered against a party, as well as the procedure by which a party may seek the entry of default judgment. If a party "against whom a judgment for affirmative relief is sought" fails to "plead or otherwise defend" a case, and "that failure is shown by affidavit or otherwise, the clerk [of court] must enter the party's default." FED. R. CIV. P. 55(a). Once a default is entered, the party entitled to a judgment by default may move the Court for entry of default judgment. FED. R. CIV. P. 55(b).

"Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead and Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989) (citations omitted). In accordance with that policy, "[a] party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996). The Court must accept pleaded facts as true, but retains the obligation to determine whether those facts state a claim upon which relief may be granted. *See Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (upholding district court's denial of entry of default judgment because, even if true, the plaintiff's allegations would not support imposing liability against the defendants). A court may conduct a hearing to

effectuate judgment, to conduct an accounting, determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter. Fed. R. Civ. P. 55(b). A hearing is not necessary, however, if the court finds within its discretion that it can rely on detailed affidavits and other documentary evidence to determine whether to grant a default judgment. *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993).

### III. ANALYSIS

The procedural background of this case establishes that the Clerk of the Court's entry of default against Defendants was proper. Plaintiff served Defendants with the Original Complaint on May 20, 2011. Defendants were required to file an answer no later than 21 days after service. FED. R. CIV. P. 12(a)(1)(A)(i). Despite being properly served, Defendants defaulted by failing to "plead or otherwise defend," and, on June 23, 2011, the Clerk of the Court entered default, pursuant to Rule 55(a).[1] As a result, the Court sees no procedural bar to default judgment.

Default judgment is proper only if the well-pleaded factual allegations in Plaintiff's Oringal Complaint establish a valid cause of action. In other words, "[t]here must be a sufficient basis in the pleadings for the judgment." *Nishimatsu Const. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). That said, by virtue of the default, Defendants have admitted Plaintiff's well-pleaded allegations of fact. *Id.* Therefore, the Court may enter default judgment against Defendants if Plaintiff's well-pleaded factual allegations establish a cause of action entitling Plaintiff to relief.

As previously stated, Plaintiff seeks damages for alleged violations of the FDCPA,

---

[1] The notice provisions of Rule 55(b)(2) do not apply to this case, because notice is required to a defaulting party only if that party has appeared in the action. FED. R. CIV. P. 55(b)(2).

TDCPA, and DTPA.[2] Original Compl. ¶ 1. Plaintiff claims that the Court has jurisdiction to hear the case pursuant to 15 U.S.C. § 1692k[3] and 28 U.S.C. § 1331. *Id.* ¶ 4.

Congress enacted the FDCPA "to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). The FDCPA provides, "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." *Id.* § 1692e. The statute then lists several activities that violate the FDCPA. *See id.* §§ 1692d(1)-(6), 1692e(1)-(16).

Plaintiff claims that Defendants violated § 1692d(6) and § 1692e(11). Section 1692d(6) prohibits "the placement of telephone calls without meaningful disclosure of the caller's identity." *Id.* § 1692d(6). Section 1692e(11) prohibits the failure, in an initial oral communication with a consumer, to disclose "that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector." *Id.* § 1692e(11).

Plaintiff alleges that she is a "consumer" under the FDCPA and that Defendants are "debt collectors" under the Act. Original Compl. ¶¶ 7-11; *see also* 15 U.S.C. § 1692a(3), (6). A debt

---

[2] While Plaintiff brings causes of actions under the three statutes, but only requests statutory damages under the FDCPA in her Motion, the Court will only reach the causes of action arising under the FDCPA. Mot. 1.

[3] 15 U.S.C. § 1692k(d) states in relevant part: "An action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs."

4

collector who violates the FDCPA is liable for actual damages, additional damages of up to $1,000, and attorney's fees. 15 U.S.C. § 1692k. Considering the factual allegations set forth in Plaintiff's Original Complaint, the Court concludes that Plaintiff has sufficiently pled a violation of the FDCPA.[4]

### A. Statutory Damages

Federal Rule of Civil Procedure 54(c) specifies the next inquiry a court must make. It states that "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." FED. R. CIV. P. 54(c). In other words, the relief prayed for in a complaint defines the scope of relief available on default judgment. In its Original Complaint, Plaintiff alleges that she is entitled to "statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00[,] . . . reasonable attorney's fees and costs incurred." Original Compl. ¶¶ 32, 34, 36, 38.

In support of her request for statutory damages, Plaintiff submits an affidavit (Docket No. 22) outlining information relevant to that inquiry. Kurz Aff. ¶ 5. Plaintiff's attorneys contends that the "total amount of the sum-certain judgment" includes $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A). *Id.* ¶ 5. The Court finds that, based on the circumstances of this case and the information presented to the Court, $1,000.00 is the appropriate amount of damages to award.

### B. Attorney's Fees and Costs

Next, Plaintiff seeks $2,699.00 in attorney's fees and expenses for the prosecution of this case through the entry of judgment. Because Plaintiff has been successful in the instant action and

---

[4] Statutory damages are not usually awarded by default judgment unless the Court has a hearing or is provided with detailed affidavits establishing the necessary facts and the amount claimed is a liquidated sum or one capable of mathematical calculation. *See United Artists Corp. v. Freeman*, 65 F.2d 854, 857 (5th Cir. 1979). The Court finds that a hearing in this case is unnecessary given the sufficient evidence of statutory damages submitted by Plaintiff.

has recovered damages in this case, Plaintiff is entitled to recover reasonable attorney's fees and expenses under § 1692k(a)(2)(B) of the FDCPA. 15 U.S.C. § 1692k(a)(2)(B). In evaluating a fee award, a court determines the amount of attorney's fees to which a prevailing party is entitled through a two-step process. *Hopwood v. Texas*, 236 F.3d 256, 277 (5th Cir. 2000). First, the court calculates the "lodestar" by multiplying the reasonable amount of hours spent on the case by the reasonable hourly rate. *Id.* A reasonable rate for attorney's fees awarded under § 1692k(a)(3) is the prevailing market rate for attorneys of comparable experience employed in cases of similar complexity. *See Blum v. Stenson*, 465 U.S. 886, 895-96 n.11 (1984). Second, the court considers whether the lodestar amount should be adjusted upwards or downwards based on the factors set out in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974).[5]

In *Von Clark v. Butler*, the Fifth Circuit explained that district courts should use the following framework when considering the twelve lodestar factors: (1) ascertain the nature and extent of the services supplied by the attorney; (2) determine the value of the services according to the customary fee and the quality of the legal work; and (3) adjust the compensation on the basis of the other *Johnson* factors that may be of significance. 916 F.2d 255, 258 (5th Cir. 1990) (finding that the attorney failed to prove that the hours submitted reasonably reflected time spent solely on that case).

In support of its request for attorney's fees, Plaintiff again relies on the affidavit of its

---

[5] The *Johnson* factors are as follows: (1) the time and labor required for the litigation; (2) the novelty and difficulty of the issues; (3) the skill required to properly litigate the issues; (4) whether the attorney had to refuse other work to litigate the case; (5) the attorney's customary fee; (6) whether the fee is fixed or contingent; (7) whether the client or case circumstances imposed any time constraints; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) whether the case was "undesirable;" (11) the type of client-attorney relationship and whether that relationship was long-standing; and (12) awards made in similar cases. 488 F.2d at 717-19 (holding that the district court abused its discretion because it did not record the factors considered or reasonable bases to award attorney's fees).

counsel, Dennis Kurz. Kurz represents that Plaintiff is entitled to attorney's fees of $2,699.00. Kurz Aff. ¶ 5. However, Kurz fails to detail the hourly rate for his services or the total number of hours devoted to this case. The Court is thus unable to determine whether the amount stated by counsel for Plaintiff is reasonable given the facts and circumstances of this matter or whether the fees sought by Plaintiff are consistent with other fee requests in similar cases filed with the Court. Further, the lack of information prevents the Court from determining whether the rates charged here are within the range of those charged in similar disputes in this locality. The Court thus finds that attorney's fees should not be awarded at this time.

Finally, Plaintiff claims that she is entitled to court costs in the amount of $745.85, but, once again, fails to submit evidence in support of this request. Aside from the $350.00 filing fee that Plaintiff had to pay to institute this action, the Court will not award other costs for the simple fact that Plaintiff has failed to specify those costs in its Motion or Affidavit.

## IV.   CONCLUSION

Based on the above analysis of facts and legal principles, the Court concludes that Plaintiff's Motion should be granted in part and denied in part.

Accordingly, **IT IS ORDERED** that Plaintiff Marcela Santana's (Plaintiff) "Motion for Default Judgment" (Docket No. 23) is **GRANTED IN PART and DENIED IN PART.**

**IT IS FURTHER ORDERED** that Plaintiff's portion of the Motion requesting statutory damages, in the sum of $1,000.00, pursuant to 15 U.S.C. § 1692k, is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff shall have and recover from Defendants the sum of $350.00 in court costs.

**IT IS FURTHER ORDERED** that Plaintiff's portion of the Motion requesting attorney's fees and court costs, in excess of the filing fee, is **DENIED WITHOUT PREJUDICE.**

IT IS FURTHER ORDERED that post-judgment interest is awarded pursuant to the provisions of 28 U.S.C. § 1961(b).

IT IS FURTHER ORDERED that all further pending motions, if any, are denied as moot.

IT IS FURTHER ORDERED that the Clerk of the Court shall **CLOSE** this case.

SIGNED this 27 day of **June, 2011**.

PHILIP R. MARTINEZ
UNITED STATES DISTRICT JUDGE